<pre>
</pre>

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SIGNATURE HOMES OF HAWAII, LLC, a Hawaii Limited Liability Company, SIGNATURE DEVELOPMENT OF HAWAII, LLC, a Hawaii Limited Liability Company, <br><br>        Plaintiffs,<br><br>  vs.<br><br>CASCADE SURETY AND BONDING, INC., a Washington corporation, UNITED INSURANCE COMPANY LIMITED, a foreign corporation, CONDOR INSURANCE LIMITED, a foreign corporation, NORTH AMERICAN CONSTRUCTIONS SERVICES, INC., a Minnesota corporation, MARKETING LINK INSURANCE AGENCY OF AMBOY, INC., a Minnesota corporation, R.J. AHMANN COMPANY, a Minnesota corporation,<br><br>        Defendants.<br>_____ | CIV. NO. 06-00663 JMS BMK<br><br>REPORT OF THE SPECIAL MASTER REGARDING DEFENDANT MARKETING LINK INSURANCE AGENCY'S MOTION FOR AWARD OF ATTORNEYS' FEES |

# REPORT OF THE SPECIAL MASTER REGARDING DEFENDANT MARKETING LINK INSURANCE AGENCY'S MOTION FOR AWARD OF ATTORNEYS' FEES

On May 9, 2007, Defendant Marketing Link Insurance Agency of Amboy, Inc. ("Defendant") filed a Motion for Award of Attorneys' Fees ("Motion").  Defendant's Motion has been designated to this Court as Special Master.  Defendant requests attorneys' fees in the amount of $6,331.41 from Plaintiffs Signature Homes of Hawaii, LLC, and Signature Development of Hawaii, LLC (collectively, "Plaintiffs") jointly and severally.  After careful consideration of the motion, the supporting and opposing memoranda, and the attached documentation, the Special Master FINDS and RECOMMENDS that Defendant's request for attorneys' fees be GRANTED IN PART and DENIED IN PART.  Specifically, the Special Master FINDS that Defendant is entitled to attorneys' fees under Haw. Rev. Stat. § 607-14 and RECOMMENDS that Defendant be awarded attorneys' fees in the amount of **$4,680.78**.

## BACKGROUND AND PROCEDURAL HISTORY

On December 13, 2006, Plaintiffs filed a complaint in this Court alleging unjust enrichment.  The amount at issue was $48,500. (Def.'s Mem. Supp. 4.)  Defendant filed a Motion to Dismiss for lack of personal jurisdiction on January 29, 2007.  On April 25, 2007, this Court, sua sponte, dismissed the

Complaint without prejudice for lack of subject matter jurisdiction. (Pls.' Mem. Opp. 3.) Defendant subsequently filed the present motion requesting attorneys' fees.

## RELEVANT LAW

In all actions in the nature of assumpsit in the state of Hawaii, prevailing parties may be awarded attorneys' fees not to exceed 25% of the judgment. Haw. Rev. Stat. § 607-14 (2007). The form in which attorneys' fees should be submitted to the Court is governed by the Local Rules for the District of Hawaii. Local Rule 54.3(d) requires that fee petitions include "a description of the work performed by each attorney and paralegal, broken down by hours or fractions thereof expended on each task . . . ." L.R. 54.3(d). These entries shall be organized by litigation phase and "must describe adequately the services rendered, so that the reasonableness of the requested fees can be evaluated." L.R. 54.3(d)(2).

## DISCUSSION

I. DEFENDANT IS A PREVAILING PARTY

Defendant is a prevailing party entitled to an award of attorneys' fees under § 607-14 because the action was in the nature of assumpsit and later dismissed. Under Hawaii law, this action was in the nature of assumpsit because Plaintiffs claimed a breach of contract. See Leslie v. Estate of Tavares, 994 P.2d

1047, 1051 (Haw. 2000).  Defendant also succeeded in obtaining a judgment of dismissal.  Although this case was dismissed for lack of subject matter jurisdiction, winning on the merits is not necessary for an award of attorneys' fees under § 607-14.  See Kona Enters. v. Estate of Bishop, 229 F.3d 877, 887 (9th Cir. 2000).

II.  ATTORNEYS' FEES

A determination of reasonable attorneys' fees begins with "the number of hours reasonably expended multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  The number of hours worked must be broken down into separate tasks which adequately describe the services rendered. L.R. 54.3(d).  In addition, the amount of attorneys' fees awarded cannot exceed 25% of the judgment. Haw. Rev. Stat. § 607-14.

  A.  Reasonable Hourly Rate

A reasonable hourly rate is "calculated according to the prevailing market rates in the relevant community."  Blum v. Stenson, 465 U.S. 886, 895 (1984).  In determining a reasonable hourly rate, the Court must consider "the experience, skill, and reputation of the attorney requesting fees." Welch v. Metro. Life Ins. Co., 480 F.3d 942, 946 (9th Cir. 2007) (quoting Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986).  The fee applicant "has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel," to

show that the rates are reflective of reasonable prevailing rates for similar services. Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).

Here, Defendant requests the rate of $200/hour for Jennifer M. Yusi. Although Defendant does not offer an Affidavit of Counsel for Ms. Yusi as required by Local Rule 54.3(e), Plaintiffs do not oppose this hourly rate. The Special Master, being familiar with the prevailing rates in the community for attorneys, FINDS that $200/hour is a reasonable rate, and RECOMMENDS that Ms. Yusi be awarded a rate of $200/hour.

Defendant also seeks the rate of $185/hour for Cheryl A. Nakamura. Ms. Nakamura contends that her rate is reasonable because she has been licensed in Hawaii since 1981. (Def.'s Mem. Supp. Mot., Nakamura Decl. ¶ 5.) Plaintiffs do not oppose this rate. The Special Master FINDS, based on the supporting declaration submitted by Defendant, that $185/hour is a reasonable rate for an attorney of Ms. Nakamura's skill and experience, and RECOMMENDS that Ms. Nakamura be awarded a rate of $185/hour.

B. Hours Reasonably Expended

Beyond establishing a reasonable hourly rate, a party seeking attorneys' fees must demonstrate that the fees are reasonably necessary to achieve the results obtained. See Tirona v. State Farm Mut. Auto Ins. Co., 821 F. Supp.

632, 636 (D. Haw. 1993). The Court must guard against awarding fees and costs which are excessive, and must assess the extent to which fees and costs are self-imposed and could have been avoided. See id. at 637. The party seeking the fee bears the burden of submitting evidence to support the hours worked, while the party "opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and the reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1992).

Here, Defendant requests the award of fees for 3.5 hours of work by Ms. Yusi, 28.9 hours of work by Ms. Nakamura, and General Excise Tax ("GET") of 4.712%. Although Plaintiffs do not oppose the reasonableness of the amount, they argue that Defendant has failed to meet the procedural requirements of the Local Rules by (1) failing to properly itemize the work performed, (2) failing to adequately describe telephone conferences and emails, (3) failing to identify specific issues in legal research entries, and (4) failing to adequately describe the services rendered.

First, Plaintiffs claim that Defendant has failed to properly itemize the work the attorneys performed by engaging in instances of block billing. Block

billing refers to the practice of recording the various tasks performed on a case, but entering only a total time spent collectively on those tasks, rather than entering the time spent on each discrete task.  See Robinson v. City of Edmond, 160 F.3d 1275, 1284 n.9 (10th Cir. 1998).  This practice violates Local Rule 54.3(d), which requires that the memorandum in support of the motion for attorneys' fees describe "the work performed by each attorney and paralegal, broken down by hours or fractions thereof expended on each task . . . ."  L.R. 54.3(d).

        Here, all of Defendant's original entries contained block billing with the exception of nineteen.[1]  Although Defendant attempted to correct some of the entries, the originals must continue to be used because Plaintiffs did not have sufficient notice to contest the revised entries.  Accordingly, the Special Master RECOMMENDS that all block billed hours be reduced by 20%.  Ms. Yusi has block billed 1.9 hours, so .38 hours will be deducted from her total.  Ms. Nakamura has block billed 22.8 hours, so 4.56 hours will be deducted from her total.  After

---

[1] Entries that were not block billed included the following:  1/25/07 JMY1, 1/25/07 JMY2, 1/28/07 CAN, 1/30/07 JMY, 2/28/07 JMY, 3/2/07 JMY, 3/12/07 CAN, 3/13/07 JMY, 3/13/07 CAN, 3/14/07 JMY, 3/15/07 JMY1, 3/15/07 JMY2, 3/16/07 CAN, 3/29/07 CAN, 3/31/07 CAN, 4/4/07 CAN, 4/8/07 CAN, 4/9/07 JMY, 4/26/07 JMY.

block billing reductions, Ms. Yusi's total is 3.12 hours[2] and Ms. Nakamura's total is 24.34 hours.[3]

Second, Plaintiffs claim that Defendant failed to adequately describe telephone conferences and emails. "Time entries for telephone conferences must include an identification of all participants and the reason for the call." L.R. 54.3(d)(2). The Local Rules do not require email descriptions.

Here, five of Defendant's entries did not adequately describe telephone conferences because they did not include the reason for the call.[4] Since these five conferences were block billed with other tasks, it is impossible to determine how much time was spent on the telephone conferences. Therefore, the Special Master RECOMMENDS that all entries containing inadequately described telephone conferences be reduced by 10%. Since Ms. Nakamura has billed 5.4 hours in such entries, .54 hours will be deducted from her total. After telephone conference reductions, Ms. Yusi's total is 3.12 hours and Ms. Nakamura's total is 23.8 hours.[5]

---

[2]3.5 hours - 0.38 hours = 3.12 hours.

[3]28.9 hours - 4.56 hours = 24.34 hours.

[4]Entries that did not adequately describe telephone conferences include the following: 1/29/07 CAN, 2/21/07 CAN, 3/14/07 CAN, 4/5/07 CAN, 4/13/07 CAN.

[5]24.34 hours - .54 hours = 23.8 hours.

Third, Plaintiffs claim that Defendant failed to identify specific issues in legal research entries. "Entries for legal research must include an identification of the specific issue researched and, if possible, should identify the pleading or document for which the research was necessary." L.R. 54.3(d)(2).

Here, ten of Defendant's entries failed to identify the specific issues researched.[6] If the research was block billed with other tasks, the amount for the entire block billed entry will be reduced. The Special Master RECOMMENDS that all entries containing inadequately described legal research be reduced by 10%. Since Ms. Nakamura has billed 19.6 hours in such entries, 1.96 hours will be deducted from her total. After legal research reductions, Ms. Yusi's total remains at 3.12 hours and Ms. Nakamura's total is 21.84 hours.[7]

Fourth, Plaintiffs contend that other entries failed to adequately describe the services rendered. "The party seeking an award of fees must describe adequately the services rendered so that the reasonableness of the requested fees can be evaluated." L.R. 54.3(d)(2).

---

[6] Entries that failed to identify the specific legal issue researched include the following: 1/26/07 CAN, 1/27/07 CAN, 1/28/07 CAN, 3/13/07 CAN, 3/14/07 CAN, 3/15/07 CAN, 3/26/07 CAN, 3/29/07 CAN, 3/31/07 CAN, 4/4/07 CAN.

[7] 23.8 hours - 1.26 hours = 21.84 hours.

Here, twelve of Defendant's entries failed to adequately describe the services rendered.[8] For example, even though an entry mentioned who a memo was written for, it failed to describe what the memo was written about. If these tasks were block billed, the amount for the entire block billed entry will be reduced. Accordingly, the Special Master RECOMMENDS that all entries containing inadequately described services be reduced by 10%. Since Ms. Nakamura has billed 10.5 hours in such entries, 1.05 hours will be deducted from her total. After reductions for inadequately described services, Ms. Yusi's total remains at 3.12 hours and Ms. Nakamura's total is 20.79 hours.[9]

Because Defendant (1) failed to properly itemize the work performed, (2) failed to adequately describe telephone conferences, (3) failed to identify specific issues in legal research entries, and (4) failed to adequately describe the services rendered, the Special Master FINDS that the amount sought for Defendant's entries should be reduced for block billing and inadequate descriptions. Accordingly, the Special Master RECOMMENDS that Defendant be awarded $200/hour for 3.12 hours of work by Ms. Yusi, $185/hour for 20.79 hours

---

[8]Entries that fail to adequately describe the services rendered include the following: 1/26/07 CAN, 1/29/07 CAN, 1/30/07 CAN, 2/2/07 CAN, 2/23/07 CAN, 3/12/07 CAN, 3/28/07 CAN, 4/3/07 CAN, 4/5/07 CAN, 4/6/07 CAN, 4/9/07 CAN, 4/13/07 CAN.

[9]21.84 hours - 1.05 hours = 20.79 hours.

of work by Ms. Nakamura, and GET of 4.712%. This yields a base fee award of **$4,680.78**.[10]

    C. <u>Award Not to Exceed 25% of Judgment</u>

Section 607-14 states that the award of attorneys' fees "shall not exceed twenty-five per cent of the judgment." Haw. Rev. Stat. § 607-14. Here, both parties agreed that the amount in question could not exceed $48,500.00. Since the $4,680.78 award of attorneys' fees does not exceed 25% of $48,500.00, the Special Master FINDS that the amount of the award does not violate § 607-14.

## CONCLUSION

For the foregoing reasons, the Special Master FINDS and RECOMMENDS that Defendant's Motion be GRANTED IN PART and DENIED IN PART. As detailed above, the Special Master FINDS that Defendant is entitled to attorneys' fees under § 607-14, and RECOMMENDS that Defendant be awarded attorneys' fees in the amount of **$4,680.78**.

---

[10] $200/hour x 3.12 hours = $624.00.
$185/hour x 20.79 hours = $3,846.15.
$624.00 + $3,846.15 = $4,470.15.
$4,470.15 x 4.712% = $210.63.
$4,470.15 + $210.63 = $4,680.78.

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: July 5, 2007

Signature Homes of Hawaii, LLC v. Cascade Surety and Bonding, Inc.; Civ. No. 06-00663 JMS BMK; REPORT OF THE SPECIAL MASTER REGARDING DEFENDANT MARKETING LINK INSURANCE AGENCY'S MOTION FOR AWARD OF ATTORNEYS' FEES